## CHAMPION IRON FENCE COMPANY
### v.
### B. H. WERNSING.

ATTORNEY AND CLIENT—CONTINUATION OF RELATION.—Where an attorney deposits a county order for his client, as security to sureties for signing a bond in an attachment suit against his client, the attorney may, in the absence of proof that he has been discharged, rightfully demand its return and receive it back upon the fulfillment of the conditions upon which it was deposited.

APPEAL from the Circuit Court of Effingham county; the Hon. WILLIAM C. JONES, Judge, presiding. Opinion filed April 15, 1886.

Mr. J. N. GWIN, for appellant.

Messrs. WOOD BROS., for appellee.

WILKIN, J. It appears from the evidence in this case that appellant had contracted to build an iron fence around the court house in the city of Effingham. Before the fence was put up it was attached by Flack & Bradley. B. F. Kagay was employed by an agent of appellant to defend that suit, and in pursuance of his employment he procured appellee, with others, to sign a bond in order to release the attached property. To indemnify the sureties he placed in the hands of appellee a county order belonging to appellant, for $200, taking a receipt therefor, in which it was stated that the order was to be held as security for B. H. Wernsing and others, as such sureties, and to be delivered back to appellant, when said attachment suit was finally disposed of in its favor.

Flack & Bradley afterward dismissed their suit in the Circuit Court of Effingham county, and on presentation of a certificate of the clerk of that court to that fact, appellee delivered the order to Kagay and cashed it. Subsequently a difficulty arose between Kagay and his client (appellant) as to

Champion Iron Fence Co. v. Wernsing.

the amount of his fees, and thereupon this suit was brought to recover the value of the order, appellant claiming that Kagay had no authority to receive it, and that his act in so doing is in no way binding on it.

We think the judgment of the circuit court is right, and may be sustained on either one of two legal propositions, fully supported by the proofs in the case. First, the relation of attorney and client had not terminated between Kagay and appellant, at the time the order was returned to Kagay. The disposal of the attachment suit did not necessarily have that effect. The employment gave the attorney full authority to do whatever was necessary and proper in and about the con-duct and management of the attachment suit. Within the scope of that authority he deposited this county order. It is not pretended that he exceeded his power as an attorney in so doing. Having placed it in the hands of appellee, he might certainly, in the absence of proof that he had been discharged, rightfully demand its return, and receive it back upon the fulfillment of the conditions upon which it was deposited. It is said by counsel for appellant, that the order was returned after appellee knew the "fact that the relation of attorney and client had ceased to exist." We find no such evidence in the record. Being the agent or attorney of appellant to deposit the order, he was its agent or attorney to receive it back.

Secondly. The evidence shows a ratification of the act of Kagay in receiving the order. It is unnecessary to enter into a discussion of the evidence to prove this theory of the case. Especially if the itemized account of Kagay against appellant with a credit of this order, or the money received by him upon it, copied at length in the argument of counsel for appellant, is considered in connection with the evidence, there can be no doubt that appellant, with a full knowledge of the facts, recognized the act of Kagay in receiving the order as binding upon it.

The judgment of the circuit court was right, and is affirmed.

Judgment affirmed.